## STATE EX REL. CYFD V. ALEXANDRA C.

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**STATE OF NEW MEXICO ex rel. CHILDREN, YOUTH & FAMILIES DEPARTMENT,**
**Petitioner-Appellee,**
**v.**
**ALEXANDRA C.,**
**Respondent-Appellant,**
**IN THE MATTER OF SEBASTIAN C.,**
**Child.**

Docket No. A-1-CA-37429
COURT OF APPEALS OF NEW MEXICO
April 2, 2019

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY, William E. Parnall, District Judge

### COUNSEL

Children, Youth and Families Department, Rebecca J. Liggett, Chief Children's Court Attorney, Santa Fe, NM, Kelly P. O'Neill, Children's Court Attorney, Albuquerque, NM for Appellee

Roybal-Mack & Cordova, P.C., Antonia Roybal-Mack, Albuquerque, NM for Appellant

Alison L. Endicott-Quinones, Albuquerque, NM, Guardian Ad Litem.

### JUDGES

J. MILES HANISEE, Judge. WE CONCUR: LINDA M. VANZI, Judge, JULIE J. VARGAS, Judge

**AUTHOR:** J. MILES HANISEE

### MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** Mother appeals following the district court's termination of her parental rights. On appeal, Mother challenges the sufficiency of the Children, Youth, and Families Department's (CYFD) efforts to comply with the standards required by the Indian Child Welfare Act (ICWA), 25 U.S.C. §§ 1901 to 1963 (2018). This Court issued a notice of proposed disposition, proposing to affirm. Defendant filed a memorandum in opposition that we have duly considered. Unpersuaded, we affirm.

**{2}** In this Court's calendar notice, we proposed to affirm the district court's termination of Mother's parental rights, on grounds that (1) CYFD made the active efforts required by ICWA to accommodate her cognitive delays, and (2) CYFD considered Child's placement with his maternal grandmother (Grandmother) and reasonably placed Child elsewhere because Grandmother had previously voluntarily relinquished custody and because CYFD had concerns about prior CYFD investigations and continued alcohol abuse. [CN 5-7]

**{3}** In her memorandum in opposition, Mother argues solely that CYFD failed to use active efforts to prevent the breakup of the Indian family based on CYFD's slowness to investigate Grandmother as a possible placement prior to the adjudicatory phase or ultimate denial of Child's placement with Grandmother. [MIO 12-13]

**{4}** To be clear, Mother's memorandum in opposition does not assert that Grandmother was Child's custodian at the adjudicatory stage or at any time in the proceedings, such that Grandmother would be considered part of the "Indian family" protected by 25 U.S.C. § 1912(d) ("Any party seeking to effect a foster care placement of, or termination of parental rights to, an Indian child under State law shall satisfy the court that active efforts have been made to provide remedial services and rehabilitative programs designed to prevent the breakup of the Indian family and that these efforts have proved unsuccessful."). *See State ex rel. Children, Youth & Families Dep't v. Casey J.*, 2015-NMCA-088, ¶ 13, 355 P.3d 814 ("Efforts to provide remedial services under this section are intended to alleviate the need to remove the Indian child from his or her *parents or Indian custodians.*" (emphasis added) (internal quotation marks and citation omitted)); *see also* 25 U.S.C. § 1912(e) ("No foster care placement may be ordered in such proceeding in the absence of a determination, supported by clear and convincing evidence, including testimony of qualified expert witnesses, that the continued custody of the child by the *parent or Indian custodian* is likely to result in serious emotional or physical damage to the child." (emphasis added)).

**{5}** Mother was not caring for Child at the inception of this case and Grandmother relinquished Child to CYFD, which initiated CYFD's custody of Child. [RP 11-13] Thus, at the inception of this case, CYFD did not cause a breakup of the Indian family. The record shows no request from Mother or Grandmother that Grandmother be involved with CYFD proceedings. Mother refers us to no authority that would support her implication that CYFD is obligated to use active efforts with regard to Grandmother under these circumstances. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (stating that a party must submit argument and authority and where

a party cites no authority to support an argument, we may assume no such authority exists).

**{6}** Also to be clear, Mother is not asserting, and has never asserted, that Child was placed in violation of the ICWA placement preferences. Mother simply argues that Grandmother was not given adequate consideration as a relative placement. Because Mother's assertion appears to fall outside of the ICWA provisions, it appears appropriate to address this complaint as we would any other relative placement challenge. We have held that CYFD's "failure to consider . . . a relative placement does not provide a basis for overturning the termination of [a parent]'s parental rights[,]" when the evidence otherwise supported termination of parental rights. *State ex rel. Children, Youth & Families Dep't v. Laura J.*, 2013-NMCA-057, ¶ 56, 301 P.3d 860. As stated in our notice, sufficient evidence was presented to support the termination of Mother's parental rights. Thus, in the absence of any persuasive argument, CYFD's consideration of Grandmother as a placement and ultimate decision to not place Child with Grandmother does not supply a basis for reversal of termination of Mother's parental rights.

**{7}** Even if Mother's complaint somehow asserts a claim under ICWA, the record does not support a claim of error. Mother does not dispute that Grandmother relinquished Child to CYFD at the inception of this case, informing CYFD that she could not care for him. [MIO 2; CN 5] The record indicates that Child was first placed with his uncle. [RP 78, 82] After allegations of abuse were raised against Child's uncle, CYFD placed Child in an ICWA foster home. [RP 236, 240-41] The district court found that CYFD made appropriate efforts to identify all other relatives and conduct home studies on any appropriate relative expressing an interest in providing permanency for Child. [RP 236] The record shows that Child's needs required different placements during the course of the proceedings; he was placed in a treatment foster home once he needed specialized care that was not available in ICWA foster homes. [RP 236, 240-41, 291-93] The record does not show that either Mother or Grandmother requested Child's placement with Grandmother at any stage in the proceedings. The record does not show when or why Grandmother may have changed her mind regarding her ability and willingness to care for Child, or how such information was presented to CYFD and the district court.

**{8}** Mother complains that the findings of Grandmother's ineligibility were made after the termination of Mother's parental rights and a determination of custody, but Mother fails to assert whether and at what point Grandmother was ever eligible and appropriate to receive custody of Child. [MIO 13] In support of her challenge to CYFD's efforts regarding Grandmother, Mother simply asserts that the record is "unclear" relative to CYFD's history with Grandmother and the nature of her alcohol abuse. [MIO 13] This assertion does not show error on the part of this Court; rather, it is an abdication of Mother's responsibility to clarify the record and demonstrate to this Court how the district court erred. *Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the appellate court presumes that the district court is correct and the burden is on the appellant to clearly demonstrate that the trial court erred). [MIO 13]

**{9}** Lastly, we note that Grandmother has never intervened as a party in the case or otherwise requested custody of Child from the district court. *See Laura J*, 2013-NMCA-057, ¶ 48 (determining a cousin had a legal right to appeal district court's orders, due to his "status as an intervenor, [by which CYFD] in effect stipulated that [the cousin] had a sufficient legal interest . . . to seek consideration as a viable placement for [the c]hild so as to preserve family connections").

**{10}** Based on the foregoing, we hold that Mother has not satisfied her burden to demonstrate error in the proposed summary disposition. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). For reasons set forth in our notice and in this opinion, we affirm the district court's order terminating Mother's parental rights.

**{11}   IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**LINDA M. VANZI, Judge**

**JULIE J. VARGAS, Judge**